## Commonwealth v. Wettig.

*S. V. Hosterman*, district attorney, for Commonwealth.
*Andrew M. Frantz*, for defendant.

ATLEE, J., January 10, 1931.—In this case, the only reason filed as ground for the motion to quash the indictment is that, under the provisions of the Vehicle Code of May 1, 1929, P. L. 905, article VI, section 622, the offense of permitting an intoxicated person to operate a motor vehicle is not a misdemeanor for which an indictment may lie, but is an offense to be prosecuted by summary proceedings before a magistrate. In behalf of this contention, the defendant quotes the act of assembly and calls the attention of the court to the fact that section 620 (f) punishes as a misdemeanor the operation of a motor vehicle while under the influence of intoxicating liquor or narcotic drug, or permitting any person under said influence to operate any motor vehicle owned by the defendant or in his custody or control; and that section 622 provides that any person who shall authorize or permit a motor vehicle owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act, shall be proceeded against by summary conviction before a magistrate. Under the contention of defendant's counsel, the court is asked to say that this section (622)

eliminates from the act of assembly section 620 (f), and that the only penalty which may be invoked against the defendant in this case is a summary proceeding before a magistrate, so that the defendant cannot be indicted for the offense here charged.

In behalf of this contention, no authority immediately on the act in question is cited to the court; but counsel·refer generally to a line of decisions which require penal statutes to be strictly construed and which say that the penalty in a statute should not be inflicted when there is reasonable doubt as to the meaning of the statute.

The Legislature of Pennsylvania has authority to create, to define, and to provide punishment for, offenses as the legislature may indicate. The meaning of section 620 (f) is plain, as is the meaning of section 622. Section 620 (f) provides for indictment as a misdemeanor for the operation of a motor vehicle while under the influence of intoxicating liquor or narcotic drug, or for permitting such use; and section 622 provides for a different proceeding against the person who authorizes or permits a motor vehicle to be operated by any person who has no legal right to do so.

In the absence of any statute forbidding it, a man under the influence of intoxicating liquor or narcotic drug would have a legal right to operate a motor vehicle on the highways of this Commonwealth. A person without a license, or whose license has been suspended, is not authorized under our act of assembly to operate a motor vehicle on the highways of this state. We believe that the Legislature of Pennsylvania knew what they meant when they defined the offense for which this defendant has been indicted, and that they also knew what they meant when they included section 622 in the act of assembly herein referred to, which latter section refers to other offenses. There is no inconsistency between the two provisions of the act, and, therefore, the court overrules the motion to quash the indictment.

Motion overruled.           From George Ross Eshleman, Lancaster, Pa.